UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Alexander Otis Matthews

    v.                                     Civil No. 13-cv-360-PB

Kerri Mikolaities et al.[1]

## REPORT AND RECOMMENDATION

Pro se plaintiff, Alexander Otis Matthews, has filed a complaint and three addenda thereto (doc. nos. 1, 7, 8, and 13-2), two motions for a preliminary injunction (doc. nos. 3 and 13), and a motion (doc. no. 9) requesting a hearing by telephone or video conference. The complaint, which is construed for all purposes in this case to include the addenda and exhibits thereto, is before the court for preliminary review to determine, among other things, whether Matthews has stated any claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

---

[1]The defendants named in the complaint and the complaint addenda (doc. nos. 1, 7, 8, and 13-2) are United States Bankruptcy Court for the District of New Hampshire Administrative Manager Kerri Mikolaities and Deputy Clerk Mary Jane Conti; United States District Court for the District of Maryland clerk's office staff members Felicia Cannon, Jarrett B. Perlow, and Elizabeth E. Snowden; United States District Court for the District of Columbia court reporter Lisa Contreras, court reporter supervisor Scott Wallace, and CompuScribe, a transcription service; and Attorney Elizabeth A. Herman, Deputy Bar Counsel for the District of Columbia Bar.

Background

Matthews, a Virginia resident incarcerated in New Hampshire, alleges that employees in the United States Bankruptcy Court for the District of New Hampshire ("Bankruptcy Court defendants") violated his federal constitutional rights when they failed to docket a Chapter 11 petition Matthews signed on behalf of Farmville Group, LLC ("Farmville"), a limited liability company he owns, and also failed to respond promptly to his inquiries about the Farmville petition.  Matthews further alleges that court reporters and clerk's office staff in federal courts in Maryland and the District of Columbia violated his federal constitutional rights when they failed to provide him with transcripts of judicial proceedings that occurred in federal prosecutions of Matthews in December 2000 and December 2010.  Finally, Matthews alleges that Attorney Susan Herman, Deputy Bar Counsel for the District of Columbia Bar, violated his federal constitutional rights by failing to require former prosecutor Michael Pauze, the target of an attorney disciplinary complaint Matthews had filed, to respond to all of Matthews's claims of prosecutorial misconduct.

In his first motion for a preliminary injunction (doc. no. 3), Matthews seeks an injunction only on the claims against the Bankruptcy Court defendants.  In his (second) motion for a preliminary injunction (doc. no. 13), Matthews seeks an order

compelling Attorney Herman to order Attorney Pauze to answer all of Matthews's attorney disciplinary claims.  Matthews further requests a hearing by video or telephone conference on his (first) preliminary injunction motion.  See Mot. for Hr'g (doc. no. 9).

The district judge referred Matthews's preliminary injunction motions to the magistrate judge for proposed findings and a recommendation as to their disposition.  Those findings and recommendations are set forth below, following the preliminary review of Matthews's complaint.

<u>Discussion</u>

I.   <u>Preliminary Review of Complaint</u>

    A.   <u>Standard</u>

The magistrate judge in this court conducts a preliminary review of complaints filed pro se and in forma pauperis.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

B.   Bankruptcy Court Defendants

1.   Background and Claims

Matthews asserts that he is the sole owner and manager of Farmville, a limited liability company.  Farmville owned his wife and children's Virginia home.  That house was sold at a sheriff's sale on July 2, 2013.  Matthews attempted to stop the sale by filing a chapter 11 petition for Farmville in the bankruptcy court in New Hampshire in June 2013.  That effort failed because the Bankruptcy Court Clerk's office did not docket the petition as a new case.  Matthew mailed three inquiries to the Bankruptcy Court – on June 23, July 11, and July 13, 2013, about the Farmville petition.  The Clerk's office did not immediately respond to the inquiries.  On July 18 and 29, 2013, the court sent letters to Matthews stating that the petition was not filed because it was not signed by a lawyer and because no filing fee accompanied the petition.  The July 29,

4

2013, letter further explained that the four-week week delay in
the Clerk's office's response to Matthews's June 23 letter
resulted from Matthews's use of an incorrect address for the
court, and the court's inadvertent misfiling of Matthews's
letter.  Matthews's follow-up letter, dated July 30, 2013, was
returned to him unopened, and marked "insufficient postage."

Matthews claims that both the Bankruptcy Court defendants'
failure to file the Farmville petition, and its alleged
mishandling of his mail, violated his federal constitutional
rights to due process, freedom of expression, and access to the
courts.  Matthews also asserts tort claims under state law.

### 2.   Due Process Claim Challenging Failure to File

The protections of the Fifth Amendment Due Process Clause
are triggered only if there is a deprivation of a protected
interest in life, liberty, or property.  See Gonzalez-Fuentes v.
Molina, 607 F.3d 864, 886 (1st Cir. 2010) (Fourteenth Amendment
Due Process Clause).  The alleged deprivation in this case is
the Bankruptcy Court's failure to file the Farmville petition.
Matthews points to no law or regulation, however, entitling the
sole owner of a limited liability company to proceed without an
attorney in filing a chapter 11 bankruptcy petition for that
company, and he points to no law or regulation entitling that
company or its sole owner to proceed in forma pauperis.  The

general statutory authority for filing actions in forma
pauperis, 28 U.S.C. § 1915, does not apply to bankruptcy
proceedings, see United States v. Kras, 409 U.S. 434, 429-40
(1973), and Congress has only permitted indigent "'individuals'"
to file "'chapter 7'" petitions in forma pauperis, see In re
Stickney, 370 B.R. 31, 36 (Bankr. D.N.H. 2007) (quoting 28
U.S.C. § 1930(f)(1)).

      In their responses to Matthews, the Bankruptcy Court
defendants identified the violation of two procedural rules that
caused Farmville's chapter 11 petition not to be docketed: that
no attorney had signed it, and that no filing fee accompanied
it.  Those rules are presumed valid, and this court finds no
inherent constitutional problem in defendants' application of
those rules and decision not to accept the Farmville petition
for filing.  Cf. Kras, 409 U.S. at 44-46 (no constitutional
right to discharge in bankruptcy, and no fundamental interest
gained or lost depending on availability of bankruptcy
discharge).  Accordingly, Matthews's Fifth Amendment due process
claim challenging defendants' failure to file the Farmville
petition should be dismissed.

               2.   Remaining Claims re: Bankruptcy Court Defendants

      Matthews alleges that defendants Mikolaities and Conti
violated his First Amendment rights to access the courts and to

free expression, and that their conduct in allegedly mishandling his mail and failing to file the Farmville petition was tortious. Matthews has not pleaded any facts, however, showing how any federal defendant precluded him from exercising his rights to free speech or to access the courts. Moreover, nothing alleged in the complaint suggests that the clerk's office's conduct as to Matthews's correspondence or their failure to file Farmville's petition (pursuant to rules of court procedure) breached any duty owed to Matthews under federal or state law, or otherwise constituted a tort actionable under state law. Accordingly, the district judge should dismiss all of Matthews's federal and state claims asserted against defendants Conti and Mikolaities.[2]

---

[2]Upon finding that Matthews has failed to state a plausible claim for relief against the bankruptcy court defendants, this court need not consider, as an additional ground for dismissing Matthews's claims, whether absolute judicial or quasi-judicial immunity would bar Matthews's claims for damages. See generally Stein v. Disciplinary Bd. of Sup. Ct. of N.M., 520 F.3d 1183, 1191 (10th Cir. 2008) (absolute judicial immunity may protect clerks from claims for damages if they were "'acting under the command of a court decree or explicit instructions from a judge'" (citation omitted)); Aldrich v. Considine, No. CIV.A. 13-11405-DPW, 2013 WL 4679722, at *9 (D. Mass. Aug. 29, 2013) ("[e]mployees of a court . . . have quasi-absolute judicial immunity when they perform tasks that are an integral part of the judicial process"); accord Azubuko v. Muirhead, No. CA 12-165ML, 2012 WL 2360537, at *2 (D.N.H. June 6, 2012) (citing Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980)), report and recommendation approved, No. 12-CV-165-MML, 2012 WL 2360877 (D.N.H. June 20, 2012).

2.   Attorney Susan Herman

Matthews filed an attorney disciplinary complaint against Attorney Michael Pauze, with the District of Columbia Bar, asserting six claims of prosecutorial misconduct.  Attorney Pauze was the prosecutor in Matthews's criminal case.  Matthews states that Deputy Bar Counsel Attorney Susan Herman is in charge of investigating the disciplinary charges against Attorney Pauze, and that her office directed Attorney Pauze to respond to only one of Matthews's allegations, failed to provide Matthews with a "logical reason" for limiting the scope of her inquiries, and responded in a hostile manner to Matthews's own questions about the investigation.

Matthews is African American, and, he asserts, Attorney Pauze is white.  Matthews claims that Attorney Herman violated Matthews's federal constitutional rights to due process and equal protection, and that she is liable to him pursuant to 42 U.S.C. §§ 1981 and 1982, for failing to require Attorney Pauze to answer all of Matthews's claims of misconduct, ostensibly with the intent to discriminate against Matthews on the basis of race.

a.   Due Process

As to Matthews's claim of a due process violation, citizens, like Matthews, have no right to demand that the

District of Columbia Bar Counsel prosecute fully all of their complaints about attorney misconduct.  Such decisions are committed to the Bar Counsel's discretion.  No law or regulation grants Matthews a right to have all of his disciplinary complaints prosecuted by Attorney Herman.  Matthews, therefore, has failed to assert a plausible claim that Attorney Herman deprived him of any protected interest, or otherwise violated Matthews's due process rights.

b.  Race Discrimination

As to Matthews's claims of race discrimination, Matthews's allegations about race and differential treatment do not state a plausible claim under 42 U.S.C. §§ 1981, 1982, or the Equal Protection Clause.  Section 1982 provides that all citizens have equal rights to "inherit, purchase, lease, sell, hold, and convey real estate and personal property."  Nothing in the complaint suggests that defendants caused Matthews to suffer a deprivation of any of those rights.

An allegation of intentional discrimination on the basis of race is necessary to state a plausible claim for relief under 42 U.S.C. § 1981.  See Goodman v. Bowdoin Coll., 380 F.3d 33, 43 (1st Cir. 2004).  By the same token, to state a plausible claim for relief under the Equal Protection Clause for race-based discrimination, Matthews must allege that a government actor

intentionally discriminated against him on the basis of his race.  Langlois v. Abington Hous. Auth., 207 F.3d 43, 49 (1st Cir. 2000).

Matthews has alleged that he is African American, and that Attorney Pauze is white, but nothing alleged by Matthews gives rise to any plausible claim that Attorney Herman's decision to demand that Attorney Pauze answer only one of Matthews's claims was an act of intentional race discrimination against Matthews, or had anything to do with race at all.  Matthews's allegations, therefore, fail to give rise to a plausible race discrimination claim against Attorney Herman.  See Nwachukwu v. Rooney, 362 F. Supp. 2d 183, 192 (D.D.C. 2005) (discussing and dismissing equal protection claim asserted against Bar Counsel defendants). Accordingly, the court should dismiss all claims asserted by Matthews against Attorney Herman for failure to state any claim upon which relief can be granted.[3]

--------

[3]Upon finding that Matthews has failed to state a plausible claim for relief as to Attorney Herman, this court need not consider as an alternate ground for dismissing his claims for damages whether Attorney Herman is absolutely immune because her conduct involved an exercise of prosecutorial discretion in deciding not to require Attorney Pauze to provide a response to all of Matthews's complaints of attorney wrong-doing.  See D.C. Bar R. XI, § 19(a) (Bar Counsel members are immune "from civil suit for any conduct in the course of their official duties"); Nwachukwu v. Rooney, 362 F. Supp. 2d 183, 192 (D.D.C. 2005) ("Bar Counsel and Bar Counsel members perform quasi-judicial functions entitled to absolute immunity" when they decide not to prosecute citizen's claim of attorney misconduct).

3.   <u>Transcripts</u>

Matthews asserts that the remaining defendants -- court reporters, a transcription service, and clerk's office staff members in Maryland and the District of Columbia -- violated his rights to due process and to access the courts, and engaged in tortious conduct, in failing to respond to his requests for transcripts of federal judicial proceedings.  Matthews has asserted that he needs transcripts from a December 2000 plea hearing, and from a December 2010 detention hearing, to challenge his prior conviction collaterally, to appeal his conviction, and to pursue an attorney disciplinary complaint. Matthews further alleges that he has offered to pay for the transcripts, and that his offers have not yielded the transcripts.

Federal courts in Maryland and the District of Columbia have previously considered Matthews's requests for transcripts. The docket in <u>United States v. Matthews</u>, No. 00-cr-377 (D.D.C.) ("Case No. 00-cr-377"), indicates that Matthews received the December 2000 plea hearing transcript on September 9, 2013.  <u>See</u> <u>id.</u>, Tr. of Plea Hr'g (doc. no. 23).  That fact moots Matthews's claims relating to that transcript.

In <u>United States v. Matthews</u>, No. 10-cr-706-RWT (D. Md. Aug. 19, 2013) ("Case No. 10-cr-706"), the court denied Matthews's motion for the December 2010 detention hearing

transcript, without prejudice to refiling if he could show indigence and a particularized need for the transcript.  See Doc. No. 8-1 (August 19, 2013, order in Case No. 10-cr-706 denying without prejudice Matthews's motion for transcript). This court's review of the docket for that case in PACER indicates that Matthews has not renewed that motion.

Matthews's complaint here fails to state plausible claims for relief as to the remaining defendants.  Nothing alleged in the complaint shows that any defendant breached a duty owed to Matthews under state law or federal law.  All of Matthews's claims concerning transcripts should be dismissed.

II.  Motions for Preliminary Injunctions and Hearing

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  Demonstrating a likelihood of success on the merits is a prerequisite to obtaining preliminary injunctive relief.  See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

For reasons set forth in the preliminary review of the claims, above, this court concludes that Matthews has not shown a likelihood of success on the merits of any relevant claim. The district judge should, therefore, deny both motions for preliminary injunctive relief (doc. nos. 3 and 13), and also deny the motion for a hearing by telephone or video conference (doc. no. 9), as no hearing is necessary in this case.

## Conclusion

For the foregoing reasons, the district judge should dismiss all claims asserted in the complaint (doc. nos. 1, 7, 8, and 13-2).  Further, the district judge should deny both motions for a preliminary injunction (doc. nos. 3 and 13), and the motion for a hearing (doc. no. 9).

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by

district court; issues not preserved by such objection are
precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

October 23, 2013

cc:  Alexander Otis Matthews, pro se

LBM:nmd